UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STILLWATER DESIGNS & AUDIO, INC. d/b/a KICKER,<br><br>  Plaintiff,<br><br>v.<br><br>AUDIO JAM, INC., MOBILE AUDIO, and JOHN DOE,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.  CIV-16-444-R<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Stillwater Designs & Audio, Inc. d/b/a Kicker ("Kicker" or "Plaintiff") as and for its Complaint against defendants Audio Jam, Inc. ("Audio Jam"), Mobile Audio, and John Doe (collectively, "Defendants") alleges as to its own acts and as to events taking place in its presence and upon information and belief as to all other facts, as follows:

### NATURE OF THIS ACTION

1.      This is an action for trademark counterfeiting and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq. as well as a breach of contract claim arising from Defendants' improper sales of Kicker's products.   Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Kicker.

2.      As a result of Defendants' actions, Plaintiff is suffering a loss of the

1

enormous goodwill that Plaintiff has created in its trademarks and is losing profits from lost sales of products.  This action seeks permanent injunctive relief and damages for Defendants' infringement of Kicker's intellectual property rights.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

4.      This Court also has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a).

5.      Defendants are subject to personal jurisdiction in this forum because Audio Jam entered into a forum selection clause that names this district as the exclusive district for resolution of disputes between the parties, because Defendants misrepresented the authentic nature of their products to residents of Oklahoma and this District; because Defendants have caused injury to Kicker trademarks in Oklahoma and this District; because Defendants practice the unlawful conduct complained of herein, in part, within Oklahoma and this District; because Defendants regularly conduct or solicit business within Oklahoma and this District; because Defendants regularly and systematically direct electronic activity into Oklahoma and this District with the manifest intent of engaging in business within Oklahoma and this District, including the sale and/or offer for sale of products to Internet users within Oklahoma and this District, as well as, upon information and belief, entry into contracts with residents of Oklahoma and this District through the sale of items through various online retail platforms.

2

6.      Similarly, because some of Defendants' wrongful acts involved the offering for sale and sale of products that infringe Plaintiff's trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

7.      Plaintiff Stillwater Designs & Audio, Inc. d/b/a Kicker is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma.   Kicker designs, manufactures, and sells a variety of audio products, including speakers, amplifiers, and headphones.  Kicker sells products through authorized distributors and dealers.

8.      Defendant Audio Jam, Inc. is a Delaware corporation with a principal place of business in Bear, Delaware.  Audio Jam is a car and home audio and video product reseller.

9.      Defendant Mobile Audio is an unauthorized reseller of Kicker products with address 2417 Welsh Road, Philadelphia, Pennsylvania 19114.  Mobile Audio resells a variety of electronics equipment and other products through a variety of online retail spaces including Amazon.com, eBay.com, Sears Marketplace, and the domain cyberdealsoutlet.com.

10.     The Doe Defendant is the individual or entity that operates Mobile Audio. The identity of the Doe Defendant is unknown to Kicker at this time.  Kicker believes that information obtained in discovery will lead to the identification of the Doe Defendant.  Kicker will amend this Complaint to include the name and residence of the Doe Defendant once it has ascertained the same.  For purposes of this Complaint, all allegations and claims asserted against Mobile Audio include and are asserted against the

Doe Defendant as well.

## FACTS GIVING RISE TO THIS ACTION

### A.    Kicker's Trademark Usage

11.    In April of 1987, the U.S. Patent and Trademark Office ("PTO") issued registration number 1,462,647 for use of the KICKER mark on "stereo speakers" (hereinafter the "KICKER Mark").   Kicker is the sole and exclusive owner of the federally registered KICKER Mark on the PTO's Principal Register.  The KICKER Mark has been in continuous use since 1983.   A  true and correct copy of a printout from TESS evidencing this registration is attached hereto as Exhibit 1.  Said registration is in full force and effect, and the KICKER Mark is incontestable pursuant to 15 U.S.C. § 1065.

12.    Kicker owns several other federal trademark and service mark registrations, many of which utilize the KICKER mark.  True and correct copies of printouts from TESS evidencing these registrations are attached hereto as Exhibit 2.   Said registrations are in full force and effect, and most of these marks are incontestable pursuant to 15 U.S.C. § 1065. The marks contained in Exhibit 2 are hereinafter referred to collectively as the "Kicker Marks."

13.    Kicker has also acquired common law rights in the use of the Kicker Marks throughout the United States.

14.    Kicker's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Kicker's exclusive ownership of the Kicker Marks.

15.    Kicker has invested many millions of dollars and has expended significant

time and effort in advertising, promoting and developing the Kicker Marks throughout the United States and the world.  As a result of such advertising and promotion, Kicker has established substantial goodwill and widespread recognition in its Kicker Marks, and those marks have become associated exclusively with Kicker and its products by both customers and potential customers, as well as with the general public at large.

16.     To create and maintain such goodwill among its customers, Kicker has taken substantial steps to ensure that products bearing its Kicker Marks are of the highest quality.  As a result, the Kicker Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

### B.     Mobile Audio's Infringing and Improper Conduct

17.     Mobile Audio utilizes online retail platforms including, eBay, Sears Marketplace, and Amazon, as well as cyberdealsoutlet.com, to sell a variety of audio products including, headphones, home theater, and automobile equipment.  The accounts associated with this seller include:

- "Cyber-Deals Outlet" (Amazon)

- "Cyber Deals Outlet" (Sears Marketplace)

- "agreatdeals4u" (eBay)

- "get-it-cheap-online" (eBay)

- "x-sounds" (eBay)

18.     Mobile Audio also sells Kicker products through the domain cyberdealsoutlet.com.

19.     Mobile Audio lists Kicker products as "new/unopened" and often uses

5

Kicker's copyrighted images in these listings.  Kicker has never authorized or otherwise granted Mobile Audio permission for using these images.

20.     In reselling Kicker products, Mobile Audio has removed labels on packaging where serial numbers/UPC information would normally be placed.   In addition, Mobile Audio has removed serial numbers from Kicker products and placed stickers made to look like authentic labeling, over the original serial number location.

21.     In the last ten months, Kicker has sent 12 letters to Mobile Audio demanding that it cease selling Kicker products and tampering with serial numbers. Mobile Audio has not responded to any of these letters.

### C.     Audio Jam's Infringing and Improper Conduct

22.     On February 21, 2014 Audio Jam became an authorized Kicker dealer when it executed a direct dealer agreement ("Dealer Agreement").

23.     Among other things, the Dealer Agreement allowed Audio Jam to resell Kicker products to end users and granted a non-exclusive, non-assignable, non-licensable privilege to use certain of Kicker's intellectual property, including the Kicker Marks.

24.     In addition, the Dealer Agreement prohibited certain conduct, including selling Kicker products on the Internet, transshipping Kicker products, and altering or obscuring serial numbers on Kicker products.

25.     The Dealer Agreement provided for liquidated damages in an amount of $500 per each instance of prohibited conduct.

26.     On or about April 22, 2016, Kicker terminated the Dealer Agreement and Audio Jam as an authorized Kicker dealer.

6

27.     Upon information and belief, Audio Jam distributes Kicker products through Mobile Audio.

28.     Audio Jam is the prior registrant of cyberdealsoutlet.com, the domain from which Mobile Audio sells Kicker products.

29.     Upon information and belief, Audio Jam remains the registrant and owner of cyberdealsoutlet.com but now utilizes a company called Contact Privacy Inc., which exists to protect the identities of domain registrants.

30.     Audio Jam has transshipped Kicker products, including to Mobile Audio. Kicker has purchased several products from Mobile Audio, several of which traced back to Audio Jam.

D.      **The Likelihood of Confusion and Injury Caused by Defendants' Actions**

31.     Removing and altering serial numbers from its products prevents Kicker from being able to trace and identify those products.  Such conduct interferes with Kicker's ability to control the quality of products bearing the Kicker Marks.

32.     Additionally, removing or altering serial numbers voids any and all warranties offered by Kicker, causing a customer to not receive a warranted product as he or she intended.

33.     In addition, the sale of Kicker products bearing the Kicker Marks with altered serial numbers is likely to cause confusion among consumers regarding Kicker's sponsorship or approval of those products.

34.     The sale of Kicker products by unauthorized resellers further interferes with

Kicker's ability to control the quality of products bearing the Kicker Marks.

35.    Transshipping products is a direct violation of the Dealer Agreement and entitles Kicker to liquidated damages from authorized Kicker dealers.

36.    As a result of Defendants' actions, Kicker is suffering a loss of the enormous goodwill it created in the Kicker Marks.

37.    Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Kicker's irreparable harm.

## COUNT I
## Trademark Infringement
### (Mobile Audio and Audio Jam)

38.    Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39.    The acts of Defendants alleged herein constitute the use in commerce, without the consent of Kicker, of a reproduction, counterfeit, copy, or colorable imitation of the Kicker Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Kicker's rights in the Kicker Marks, all in violation of the Lanham Act.

40.    The acts of Defendants alleged herein constitute unfair competition in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Kicker's rights in the Kicker Marks, all in violation of the Lanham Act.

41.     Defendants' use and resale as "new" of the altered versions of products containing the Kicker Marks is willful and intentional.

42.     Defendants' infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitute trademark infringement.

43.     As a direct and proximate result of Defendants' actions, Kicker has suffered substantial damages.  Kicker is entitled to an injunction and to recover Defendants' profits, all damages sustained by Kicker, treble those profits or damages, and the cost of this action, plus interest, which amounts are yet to be determined.  In the alternative, Kicker requests statutory damages of up to $2,000,000.00 per mark infringed.

## COUNT II
### Breach of Contract
### (Audio Jam)

44.     Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.     The Dealer Agreement was a binding contract between Kicker and Audio Jam.

46.     Audio Jam breached the Dealer Agreement by transshipping Kicker products, listing Kicker products for sale online through Mobile Audio, and altering or removing serial numbers from Kicker products.

47.     Under the liquidated damages provision of the Dealer Agreement, Kicker is entitled to $500 per violation of the Dealer Agreement.

48.     As a direct and proximate result of Mobile Audio's actions, Kicker has suffered damages.

49.     Such conduct on the part of Mobile Audio has caused and will continue to cause irreparable injury and harm to Kicker.

WHEREFORE, Kicker requests that this Court:

A.     Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the Kicker Marks or any mark confusingly similar to the Kicker Marks, whether alone or in combination with other words or symbols, and from any further infringement, unfair competition and unfair trade practices.

B.     Direct Defendants to pay Kicker the actual damages and profits realized by the Defendants, and the costs and attorneys' fees incurred in pursuit of this action pursuant to 15 U.S.C. § 1117, or otherwise.

C.     Direct Defendants to pay Kicker statutory damages of $2,000,000.00 per mark infringed.

D.     Enter judgment that Defendants' acts of infringement have been knowing and willful.

E.     Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

F.     Award Kicker such further relief as this Court may deem just and proper.

## JURY TRIAL CLAIM

Kicker claims a trial by jury on all issues so triable.


s/ Gary Peterson

Gary Peterson, OBA #7068
211 N. Robinson Ave., Ste. 450 South
Two Leadership Square
Oklahoma City, Oklahoma  73102
  telephone:    405 606 3367
       fax:    866 628 0506
    email:    gp@garypeterson.com

Attorney for Plaintiff

Dated: April 29, 2016